## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S,** | * | |
| **LONDON SEVERALLY SUBSCRIBING** | * | **CIVIL ACTION** |
| **TO CERTIFICATE NO. AMR-73525;** | * | **NO. 22-3874 c/w** |
| **INDIAN HARBOR INSURANCE COMPANY;** | * | **22-3876** |
| **QBE SPECIALTY INSURANCE COMPANY;** | * | |
| **STEADFAST INSURANCE COMPANY;** | * | **JUDGE: ELDON E. FALLON** |
| **GENERAL SECURITY INDEMNITY** | * | |
| **COMPANY OF ARIZONA; UNITED** | * | |
| **SPECIALTY INSURANCE COMPANY;** | * | |
| **LEXINGTON INSURANCE COMPANY;** | * | **MAGISTRATE JUDGE:** |
| **HDI GLOBAL SPECIALTY SE; OLD** | * | **MICHAEL NORTH** |
| **REPUBLIC UNION INSURANCE COMPANY;** | * | |
| **GEOVERA SPECIALTY INSURANCE** | * | |
| **COMPANY; TRANSVERSE SPECIALTY** | * | |
| **INSURANCE COMPANY** | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **BELMONT COMMONS L.L.C. D/B/A 925** | * | |
| **COMMON AND BELMONT DELAWARE** | * | |
| **L.L.C** | * | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT COME Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, Transverse Specialty Insurance Company (collectively hereinafter "Domestic Insurers"), without waiving and specifically reserving all defenses available to the Domestic Insurers, including the right to compel arbitration of all claims asserted by Belmont Commons L.L.C. D/B/A/ 925 Common and Belmont Delaware L.L.C. (collectively "Belmont"), who answer the Petition for Damages ("Petition"), which was filed in state court by Belmont, and subsequently removed to this Court in Civil Action No. 22-3876, as follows:

1.

The allegations of Paragraph 1 of the Petition do not require an answer from the Domestic Insurers.  In an abundance of caution, all liability to Belmont is denied.

2.

The allegations of Paragraph 2 of the Petition do not require an answer from the Domestic Insurers.  In an abundance of caution, all liability to Belmont is denied.

3.

In response to the allegations of Paragraph 3 of the Petition for Damages, the Domestic Insurers respond:

A.  Indian Harbor Insurance Company is a Delaware corporation with its principal place of business in Stamford, Connecticut.

B.  QBE Specialty Insurance Company is a North Dakota corporation with its principal place of business in the state of New York.

C.  Steadfast Insurance Company is a Delaware corporation with its principal place of business in Illinois.

D.  General Security Indemnity Company of Arizona is an Arizona corporation with its principal place of business in the state of New York.

E.  United Specialty Insurance Company is a Delaware corporation with its principal place of business in the state of Texas.

F.  Lexington Insurance Company is a surplus lines company organized under Delaware law with its principal place of business in Massachusetts.

G.  Old Republic Union Insurance Company is an Illinois company with its principal office in Chicago, Illinois.

H.  GeoVera Specialty Insurance Company is a Delaware corporation with its principal place of business in California.

I.  Transverse Specialty Insurance Company is a Delaware corporation with its principal place of business in New Jersey.

4.

The allegations of Paragraph 4 of the Petition are denied.  Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 9 U.S.C. § 204.

5.

The allegations of Paragraph 5 of the Petition are denied.  The United States District Court for the Eastern District of Louisiana has original jurisdiction under 9 U.S.C. §§ 202, 203 and 205, and 28 U.S.C. § 1331.

6.

The allegations of Paragraph 6 of the Petition are denied due to a lack of information sufficient to form a belief in the truth of those allegations.

7.

In response to the allegations of Paragraph 7 of the Petition, the Domestic Insurers admit that they are surplus lines insurers that, collectively with the Certain Underwriters at Lloyd's, London (Lloyd's Underwriters) subscribing to Policy No. AMR-73525 and HDI Global Specialty SE (HDI), provided insurance through the single policy form of insurance bearing Account No. 840553 (the "Account Policy").

8.

The allegations of Paragraph 8 of the Petition are denied.  Further answering, the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations,

and everything at variance therewith is denied.

9.

In response to the allegations of Paragraph 9 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

10.

In response to the allegations of Paragraph 10 of the Petition, the Domestic Insurers admit that they, together with the Lloyd's Underwriters and HDI, collectively subscribed to and participated in the Account Policy.  Further responding, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

11.

In response to the allegations of Paragraph 11 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

12.

In response to the allegations of Paragraph 12 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

13.

In response to the allegations of Paragraph 13 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

14.

In response to the allegations of Paragraph 14 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

15.

In response to the allegations of Paragraph 15 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

16.

In response to the allegations of Paragraph 16 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

17.

In response to the allegations of Paragraph 17 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

18.

In response to the allegations of Paragraph 18 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

19.

In response to the allegations of Paragraph 19 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms,

conditions, and limitations, and everything at variance therewith is denied.

20.

In response to the allegations of Paragraph 20 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

21.

The allegations of Paragraph 21 of the Petition are denied as stated.  Further answer, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

22.

The allegations of Paragraph 22 of the Petition are denied as stated.  Further answer, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

23.

The allegations of Paragraph 23 of the Petition are denied as stated.  Further answer, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

24.

The allegations of Paragraph 24 of the Petition are denied as stated.  Further answer, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

25.

The allegations of Paragraph 25 of the Petition are denied as stated.  Further answer, the

Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

26.

In response to the allegations of Paragraph 26 of the Petition, the Domestic Insurers admit that the Account Policy is the best evidence of its contents, coverages, exclusions, terms, conditions, and limitations, and everything at variance therewith is denied.

27.

The allegations of Paragraph 27 of the Petition are denied.

28.

The allegations of Paragraph 28 of the Petition are denied as stated.

29.

The allegations of Paragraph 29 of the Petition are denied.

30.

The allegations of Paragraph 30 of the Petition are denied.

31.

The allegations of Paragraph 31 of the Petition are denied.

32.

The allegations of Paragraph 32 of the Petition are denied.

33.

The allegations of Paragraph 33 of the Petition are denied.

34.

The allegations of Paragraph 34 of the Petition are denied.

35.

The allegations of Paragraph 35 of the Petition are denied as stated.

36.

The allegations of Paragraph 36 of the Petition are denied as stated.

37.

The allegations of Paragraph 37 of the Petition are denied.

38.

The allegations of Paragraph 38 of the Petition are denied.

39.

The allegations of Paragraph 39 of the Petition are denied.

40.

The allegations of Paragraph 40 of the Petition are denied as stated.

41.

The allegations of Paragraph 41 of the Petition are denied as stated.

42.

The allegations of Paragraph 42 of the Petition are denied as stated.

43.

In response to the allegations of Paragraph 43 of the Petition, the Domestic Insurers admit that they, in concert with the Lloyd's Underwriters and HDI, collectively and in concert, timely, fully, and in good faith, adjusted the alleged loss.  The remaining allegations of Paragraph 43 of the Petition are denied.

44.

The allegations of Paragraph 44 of the Petition are denied.

45.

In response to the allegations of Paragraph 45 of the Petition, the Domestic Insurers admit that they, in concert with the Lloyd's Underwriters and HDI, collectively and in concert, timely, fully, and in good faith, adjusted the alleged loss.

46.

The allegations of Paragraph 46 of the Petition are denied as stated.

47.

The allegations of Paragraph 47 of the Petition are denied.

48.

The allegations of Paragraph 48 of the Petition are denied.

49.

The allegations of Paragraph 49 of the Petition are denied.

50.

The allegations of Paragraph 50 of the Petition are denied as stated.

51.

The allegations of Paragraph 51 of the Petition are denied.

52.

The allegations of Paragraph 52 of the Petition are denied.

53.

The allegations of Paragraph 53 of the Petition are denied.

54.

The allegations of Paragraph 54 of the Petition are denied.

55.

In response to the allegations of Paragraph 55 of the Petition, the Domestic Insurers admit that Belmont has not produced evidence of a compensable covered loss under the Account Policy.

56.

The allegations of Paragraph 56 of the Petition are denied.

57.

The allegations of Paragraph 57 of the Petition are denied.

58.

The allegations of Paragraph 58 of the Petition are denied as stated.

59.

The allegations of Paragraph 59 of the Petition are denied as stated.

60.

The allegations of Paragraph 60 of the Petition are denied.

61.

The allegations of Paragraph 61 of the Petition are denied.

62.

The allegations of Paragraph 62 of the Petition are denied.

63.

The allegations of Paragraph 63 of the Petition are denied.

64.

The allegations of Paragraph 64 of the Petition are denied.

65.

The allegations of Paragraph 65 of the Petition are denied.

66.

The allegations of Paragraph 66 of the Petition are denied.

67.

The allegations of Paragraph 67 of the Petition are denied.

68.

The allegations of Paragraph 68 of the Petition are denied.

69.

The allegations of Paragraph 69 of the Petition are denied.

70.

The allegations of Paragraph 70 of the Petition are denied.

71.

The allegations of Paragraph 71 of the Petition are denied.

72.

The allegations of Paragraph 72 of the Petition are denied.

73.

In response to Paragraph 73 of the Petition, the Domestic Insurers reassert their answers to Paragraphs 1-72 of the Petition for Damages.

74.

The allegations of Paragraph 74 of the Petition are denied.

75.

The allegations of Paragraph 75 of the Petition are denied.

76.

The allegations of Paragraph 76 of the Petition are denied.

77.

The allegations of Paragraph 77 of the Petition are denied.

78.

The allegations of Paragraph 78 of the Petition are denied.

79.

The allegations of Paragraph 79 of the Petition are denied.

80.

In response to Paragraph 80 of the Petition, the Domestic Insurers reassert their answers to Paragraphs 1-79 of the Petition for Damages.

81.

The allegations of Paragraph 81 of the Petition are denied.

82.

In response to Paragraph 82 of the Petition, which purports to be a statement of law, the Domestic Insurers deny anything at variance with the text of La. R.S.§22:1973 and the controlling jurisprudence.  Further responding, Domestic Insurers deny any allegations or inferences of arbitrary and capricious conduct, or bad faith, and any liability to Belmont in general.

83.

In response to Paragraph 83 of the Petition, which purports to be a statement of law, the Domestic Insurers deny anything at variance with the text of La. R.S.§22:1973 and the controlling jurisprudence.  Further responding, Domestic Insurers deny any allegations or inferences of arbitrary and capricious conduct, or bad faith, and any liability to Belmont in general.

84.

In response to Paragraph 84 of the Petition, which purports to be a statement of law, the

Domestic Insurers deny anything at variance with the text of La. R.S.§22:1892 and the controlling jurisprudence.   Further responding, Domestic Insurers deny any allegations or inferences of arbitrary and capricious conduct, or bad faith, and any liability to Belmont in general.

85.

The allegations of Paragraph 85 of the Petition are denied.

86.

The allegations of Paragraph 86 of the Petition are denied.

87.

The allegations of Paragraph 87 of the Petition are denied.

88.

The allegations of Paragraph 88 of the Petition are denied.

89.

The allegations of Paragraph 89 of the Petition are denied.

90.

The allegations of Paragraph 90 of the Petition are denied.

91.

The allegations of Paragraph 91 of the Petition are denied.

92.

The allegations of Paragraph 92 of the Petition are denied.

93.

The allegations of Paragraph 93 of the Petition are denied.

94.

The allegations of Paragraph 94 of the Petition are denied.

95.

In response to Paragraph 95 of the Petition, the Domestic Insurers reassert their answers to Paragraphs 1-94 of the Petition for Damages.

96.

The allegations of Paragraph 96 of the Petition are denied.

97.

The allegations of Paragraph 97 of the Petition are denied.

98.

The allegations of Paragraph 98 of the Petition do not require a response from the Domestic Insurers.

99.

The allegations of Belmont's "Prayer for Relief" (the unnumbered paragraphs commencing "WHEREFORE" and all subparts thereof), are denied.

100.

Any and all allegations of the Petition not otherwise answered herein are denied.

## **AFFIRMATIVE DEFENSES**

These Affirmative Defenses are asserted in an abundance of caution and are not intended to operate as a waiver of, and do not waive, the right and remedy to compel arbitration of all claims asserted by Belmont.

## **FIRST DEFENSE**

All claims asserted by Belmont are subject to mandatory arbitration under the Account Policy and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

## SECOND DEFENSE

Belmont has failed to state a claim upon which relief can be granted.

## THIRD DEFENSE

Belmont has no right of action against the Domestic Insurers.

## FOURTH DEFENSE

The Domestic Insurers plead accord and satisfaction as an affirmative defense to the claims asserted by Belmont.

## FIFTH DEFENSE

The Domestic Insurers specifically plead that Belmont cannot recover for damages not causally related to the events of August 29, 2021, which are the subject of the Petition, including but not limited to damages caused by prior unreported occurrences and/or damages resulting from causes of loss excluded from coverage, or otherwise not covered, by the Account Policy.

## SIXTH DEFENSE

Belmont has failed to mitigate its damages.

## SEVENTH DEFENSE

The Account Policy, and all endorsements thereto, is affirmatively plead, as if it were set forth herein in full, and Domestic Insurers deny anything at variance with the written terms, conditions, definitions, limitations, sublimits, exclusions, deductibles, and provisions of the Account Policy, including but not limited to the non-exclusive Account Policy provisions set forth hereinafter.

## EIGHTH DEFENSE

Belmont has failed to comply with duties and obligations set forth in the Account Policy.

**NINTH DEFENSE**

Belmont's claims are barred to the extent Belmont failed to submit satisfactory proof of loss fully apprising the Domestic Insurers of the claims made and/or failed to provide the Domestic Insurers with notice or proof of the extent and amount of Belmont's alleged losses.

**TENTH DEFENSE**

The Domestic Insurers deny that Belmont has met the conditions precedent to recover under the Account Policy for the damages sought.

**ELEVENTH DEFENSE**

The Domestic Insurers affirmatively plead the Hurricane deductible set forth at the Account Policy's Section D (4) of COMPASS SUP DECL 04 18.

**TWELFTH DEFENSE**

The Domestic Insurers affirmatively plead the limits and sub limits of coverage set forth at the Account Policy's Section B of COMPASS SUP DECL 04 18.

**THIRTEENTH DEFENSE**

The Domestic Insurers affirmatively plead the exclusions set forth at the Account Policy's Section II (B) of COMPASS 04 18 Commercial Property Compass Form, including, but not limited to, those at subparagraphs 6, 7, 10, 11, 12, 13, 14,15, 18, 20, 26, and 33.

**FOURTEENTH DEFENSE**

The Domestic Insurers' Account Policy includes an Arbitration Clause, at Section VII (C) of COMPASS 04 18 Commercial Property Compass Form, which is affirmatively pled as if set forth here in full.

**FIFTEENTH DEFENSE**

The Domestic Insurers plead the Coverages and Limits of Liability set forth at the Account

Policy's COMPASS 04 18 Commercial Property Compass Form and the specific limits contained in the Statement of Values or other documentation relating to the Account Policy.

## SIXTEENTH DEFENSE

The Domestic Insurers affirmatively plead the Requirements in Case of Loss set forth at Section VII (S) of COMPASS 04 18 Commercial Property Compass Form.

## SEVENTEENTH DEFENSE

The Domestic Insurers affirmatively plead the doctrine of artful pleading.

## EIGHTEENTH DEFENSE

Belmont has failed to join necessary and indispensable parties, specifically: Certain Underwriters at Lloyd's, London subscribing to Policy No. AMR-73525 and HDI Global Specialty SE.

## NINETEENTH DEFENSE

The exact damages/losses claimed by Belmont has not been fully documented or established, and thus the Domestic Insurers cannot adequately determine all provisions of the Account Policy that may be applicable to Belmont's claims.   Therefore, Domestic Insurers expressly reserve by this reference the right to raise additional defenses to the extent that:

(1)     Additional defenses become applicable under state and/or federal law.

(2)     Additional defenses are established as discovery proceeds in arbitration.

(3)     Additional defenses are available under subsequently asserted theories of recovery.

## TWENTIETH DEFENSE

The Domestic Insurers preserve such other affirmative defenses that may become available to them by this Answer and do not waive subsequent defenses.

17

**WHEREFORE**, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, Transverse Specialty Insurance Company, pray that this Answer to the Petition for Damages in the removed action, Civil Action No. 22-3876, be deemed good and sufficient, that all claims and causes of action by Belmont be dismissed with prejudice, and that all costs to be paid by Belmont, or, in the alternative, that this matter be referred to arbitration as mandated and set forth in the Account Policy.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

 */s/ Phillip J. Rew.*
**BRUCE R. HOEFER, JR. (#6889)**
**Email: brh@ahhelaw.com**
**D. RUSSELL HOLWADEL (#16975) T.A.**
**Email: drh@ahhelaw.com**
**PHILLIP J. REW (#25843)**
**Email: pjr@ahhelaw.com**
**HEATHER E. REZNIK (#29175)**
**Email: her@ahhelaw.com**
**KYLE M. TRUXILLO (#38920)**
**Email: kmt@ahhelaw.com**
**RICHARD R. STEDMAN, II (#29435)**
**Email: rrs@ahhelaw.com**
**TYFANNI LAUVE (#39249)**
**Email: tal@ahhelaw.com**
400 Poydras Street, Suite 2450
New Orleans, Louisiana  70130
Telephone:        (504) 581-2606
Facsimile:        (504) 525-1488
*Attorneys for all Insurers on Account Policy No.*
*840553: Certain Underwriters at Lloyd's, London,*
*severally subscribing to Certificate No. AMR-*
*73525, Indian Harbor Insurance Company,*
*Lexington Insurance Company, QBE Specialty*
*Insurance Company, Steadfast Insurance*
*Company, United Specialty Insurance Company,*

***General Security Indemnity of Arizona, HDI Global Specialty SE, Old Republic Union Insurance, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company***

## CERTIFICATE OF SERVICE

I certify that on this 27th day of October 2022, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

<u>        */s/ Phillip J. Rew*        </u>
**PHILLIP J. REW**