UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SEVERALLY SUBSCRIBING TO CERTIFICATE NO. AMR-73525, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, & TRANSVERSE SPECIALTY INSURANCE COMPANY | * * * * * * * * * * * * * * * | CIVIL ACTION<br>NO. 2:22-cv-3874 C/W 2:22-cv-3876<br><br>JUDGE ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH<br><br>LEAD CASE NO. 2:22-cv-3874 |
| VERSUS | * * | |
| BELMONT COMMONS L.L.C.<br>D/B/A 925 COMMON AND<br>BELMONT DELAWARE L.L.C. | * * * * | |
| * * * * * * * * * | | |
| BELMONT COMMONS L.L.C.<br>D/B/A 925 COMMON AND<br>BELMONT DELAWARE L.L.C. | * * * * | CIVIL ACTION<br>NO. 2:22-cv-3874 C/W 2:22-cv-3876<br><br>JUDGE ELDON E. FALLON |
| VERSUS | * * | MAG. JUDGE MICHAEL NORTH |
| INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, & TRANSVERSE SPECIALTY INSURANCE COMPANY | * * * * * * * * * * * * * | MEMBER CASE NO. 2:22-cv-3876 |
| * * * * * * * * * | | |

**ORDER AND REASONS**

The Court has before it Belmont Commons L.L.C. and Belmont Delaware L.L.C.'s (collectively "Belmont") Motion for Reconsideration, R. Doc. 42, of the Court's Order and Reasons, R. Doc. 41, granting Certain Underwriters at Lloyd's, London's (collectively "Lloyd's") Motion to Compel Arbitration and Stay Litigation, R. Doc. 7. Having considered the briefing and the applicable law, the Court rules as follows.

I.  BACKGROUND

This litigation arises from alleged damage to Belmont's property as a result of Hurricane Ida. R. Doc. 1-9 at 8. Petitioners are a total of eleven insurance companies who jointly subscribe to the insurance policy (the "Policy") obtained by Belmont through Lloyd's. Each of the eleven companies covers a percentage of Belmont's liability under the Policy, which together encompass the single insurance policy. *See* R. Doc. 1-9 at 3–5. Nine of those insurers are domestic to the United States, and two are international. *Id.*

Belmont Commons, a property owner, filed suit first in Louisiana state court against the nine domestic insurers only, claiming entitlement to additional compensation for its Hurricane Ida-related losses under the Policy. *See* R. Doc. 1-9. Petitioners then filed a Complaint to Compel Arbitration against Belmont in this Court, arguing that the terms of the Policy require Belmont to submit this dispute to arbitration rather than to litigate it. R. Doc. 1. Petitioners removed Belmont's state law action to this Court, and the Court consolidated the two related actions. R. Doc. 5.

Lloyd's then moved the Court to compel Belmont to engage in arbitration and to stay this action, pointing to the Policy, which contains an arbitration agreement requiring that any matters

in difference between the parties related to the Policy be referred to an arbitration tribunal in New York state and that New York law apply to the dispute. This Court held that the arbitration agreement was valid and enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), and thus granted the motion, staying this litigation.

## II. PRESENT MOTION

Belmont now moves this Court to reconsider its ruling under Federal Rule of Civil Procedure 59(e). R. Doc. 42. R Rule 59(e) serves "'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Generally, a motion to alter or amend a judgment filed under Rule 59(e) may be granted: "'(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact.'" *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "A Rule 59(e) motion should not be used to re-litigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522 (E.D. La. Oct. 6, 2010).

## III. DISCUSSION

Belmont argues that reconsideration is necessary to correct a manifest error of law and to prevent manifest injustice. R. Doc. 42 at 2. To support this argument, it reasserts a claim presented in its opposition to Lloyd's motion to compel arbitration: That the application of *Grigson* estoppel conflicts with La. R.S. § 22:868(A). *See Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 527 (5th Cir. 2000). Accordingly, Belmont reasserts its argument that the Court may not apply equitable estoppel in this case. But, as stated, "[a] Rule 59(e) motion should not be used to re-litigate prior matters that . . . have been resolved to the movant's dissatisfaction." *Voisin*, 2010 WL 3943522.

As Lloyd's points out, Belmont's alleged 'manifest error' by the Court is not premised on any ruling which runs contrary to any settled Louisiana or Fifth Circuit law. Instead, Belmont reasserts its argument based on a novel theory of law, and seeks relief because this Court failed to rule contrary to every other court in the Fifth Circuit that has addressed the interplay of La. R.S. 22:868 and equitable estoppel. Belmont's dissatisfaction with the Court's refusal to strike out on its own is not sufficient grounds for relief under Rule 59(e). *See Hanover Ins. Co. v. Superior Labor Servs.*, 2017 U.S. Dist. LEXIS 132311, at *19–20 (E.D. La. Aug. 18, 2017) ("Reliance on an unsettled area of law does not amount to manifest injustice."); *see also Green v. UPS*, 847 F. App'x 207, 210 (5th Cir. 2021) ("[M]anifest error [is] an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law."). Accordingly, the Court finds no reason to reconsider its prior decision.

### IV.    CONCLUSION

For the foregoing reasons, Belmont's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this 13th day of February, 2023.

_____
United States District Judge