## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SEVERALLY SUBSCRIBING TO CERTIFICATE NO. AMR-73525, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, & TRANSVERSE SPECIALTY INSURANCE COMPANY | * * * * * * * * * * * * * * * | CIVIL ACTION NO. 2:22-cv-3874 C/W 2:22-cv-3876 JUDGE ELDON E. FALLON MAG. JUDGE MICHAEL NORTH LEAD CASE NO. 2:22-cv-3874 |
| VERSUS | * * | |
| BELMONT COMMONS L.L.C. D/B/A 925 COMMON AND BELMONT DELAWARE L.L.C. | * * * * | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| BELMONT COMMONS L.L.C. D/B/A 925 COMMON AND BELMONT DELAWARE L.L.C. | * * * * | CIVIL ACTION NO. 2:22-cv-3874 C/W 2:22-cv-3876 |
| VERSUS | * * * | JUDGE ELDON E. FALLON MAG. JUDGE MICHAEL NORTH |
| INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, & TRANSVERSE SPECIALTY INSURANCE COMPANY | * * * * * * * * * * * * * | MEMBER CASE NO. 2:22-cv-3876 |

\* \* \* \* \* \* \* \*

## **ORDER AND REASONS**

The Court has before it Belmont Commons L.L.C. and Belmont Delaware L.L.C.'s (collectively "Belmont") second Motion for Reconsideration, R. Doc. 47, of the Court's Order and Reasons, R. Doc. 41, granting Certain Underwriters at Lloyd's, London's (collectively "Lloyd's") Motion to Compel Arbitration and Stay Litigation, R. Doc. 7. Belmont again asks this Court to reverse its ruling that Belmont's claims must be arbitrated. In the alternate, Belmont requests that the Court certify its order compelling arbitration for immediate interlocutory appeal to the Fifth Circuit pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Civil Procedure 54(b).

The Court declines to reconsider its order a second time. As the Fifth Circuit has explained, the federal rules do not provide for a motion requesting a reconsideration of a denial of a reconsideration, and that successive motions for reconsideration are "condemned by well-established authority in [the Fifth Circuit] and other circuits." *Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989) "Were such motions permitted, it is conceivable that a dissatisfied litigant could continually seek reconsideration and prevent finality to the judgment." *Benson v. St Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009); *see also Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2017 U.S. Dist. LEXIS 218011, at *13 (W.D. Tex. Feb. 13, 2017) ("Fifth Circuit precedent has established that Plaintiff only gets one bite at the Rule 59 (e) apple.").

The sole new argument that Belmont raises in its second motion to reconsider is to point to a recent Western District of Louisiana decision in which that court ruled under somewhat similar circumstances that arbitration need not be compelled. *See Bufkin Enterprises LLC v. Indian Harbor Insurance Co., et al.*, No. 2:21-CV-04017, 2023 WL 2393700, (W.D. La. Mar. 7, 2023). However, as Lloyd's argues, *Bufkin* is distinguishable: In that case, the plaintiff's claims against the foreign insurers had already been dismissed with prejudice, and thus no claims

remained against them. *Id.* Accordingly, that court found that the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") was not implicated. *Id.* It thus allowed plaintiff to proceed against the domestic insurers outside of arbitration. *Id.* In this case, however, Belmont seeks to circumvent the Convention by pursing claims only against the domestic insurers while potential claims remain against its foreign insurers. In the instant situation, the Convention therefore remains implicated, and Belmont must arbitrate.

However, the Court will grant Belmont's alternate request to certify the Court's order compelling arbitration as appealable pursuant to 28 U.S.C. § 1292(b). That statute provides that a district court judge may certify an otherwise unappealable order as appealable if that order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" Here, as Belmont argues, the Court's order involves a controlling question of law; if that order stands, it will be forced to arbitrate its claims. 28 U.S.C. § 1292(b)'s requirement that a "substantial ground for difference of opinion" is fulfilled, *inter alia*, where "complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Admiral Ins. Co. v. Willson (In re Cent. La. Grain Coop., Inc.)*, 489 B.R. 403, 401, 2013 WL 1309274 at *412 (W.D. La. March 27, 2013) (internal citations and quotations omitted). This matter involves a complicated question of foreign law: the interplay of the Convention and the Louisiana state law on equitable estoppel. This question has also not been squarely or definitively addressed by the Fifth Circuit. Accordingly, certification of the issue for immediate appeal to the Fifth Circuit is appropriate.

For the foregoing reasons, therefore, Belmont's second motion for reconsideration is **DENIED**. However, Belmont's request that the Court certify its order compelling arbitration for

immediate appeal pursuant to 28 U.S.C. § 1292(b) is **GRANTED**. Belmont's motion for leave to file a reply memorandum in support for its request for oral argument, R. Doc. 51, is **DENIED AS MOOT**.

New Orleans, Louisiana, this 23rd day of March, 2023.

_____
United States District Judge